# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF CONNECTICUT

**FILED**
2016 DEC 9 AM 10 20
U.S. DISTRICT COURT
NEW HAVEN, CT.

| | |
|---|---|
| Confectionery Arts International, LLC, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. |
| CK Products LLC, Central Investment LLC, ) | |
| and John Does 1-10 ) | 3:16CV 2015 JBA |
| ) | |
| Defendants ) | |

## COMPLAINT AND JURY DEMAND

Plaintiff Confectionery Arts International, LLC ("CAI") brings this action against defendants CK Products LLC ("CK"), Central Investment LLC ("CI"), and John Does 1-10 and alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters.

## NATURE OF THE ACTION

1. This is an action for trademark infringement, trademark dilution, and unfair competition under the Lanham Act, 15 U.S.C. § 1501, et. seq., the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a, et seq., and/or Connecticut common law.

2. CAI's claims arise out of Defendants' infringement of CAI's registered trademark for DISCO DUST.

1

## THE PARTIES

3. Plaintiff CAI is a Connecticut limited liability company with a place of business at 332 Washington Street, New Britain, CT 06053.

4. Defendant CK is an Ohio limited liability company with a principle place of business at 6230 Innovation Blvd., Fort Wayne, IN 46818.

5. Defendant CI is an Ohio limited liability company with a principle place of business at 4600 Mcauley Place, Suite 320, Cincinnati, Ohio 45242.

6. CAI does not know the true names of Defendants John Does 1 through 10, inclusive, and therefore sues them by those fictitious names. CAI is informed and believes and, on the basis of that information and belief, alleges that each of those Defendants was in some manner negligent, grossly negligent, guilty of willful and wanton conduct, and proximately causes CAI's damages. When CAI determines the true names and capacities of such Doe Defendants, CAI will seek leave of this Court to amend this complain accordingly. Each reference in this complaint to "Defendant", "Defendants", or to a specifically named defendant refers also to all defendants sued individually under fictitious names.

## JURISDICTION AND VENUE

7. Jurisdiction exists pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

8. This suit is based on a Federal question and statute, namely 15 U.S.C. § 1051 et. seq.

9. In addition, jurisdiction under 28 U.S.C. § 1332 exists because the parties have diversity of citizenship and the matter in controversy exceeds $75,000, exclusive of interest and costs.

10. Supplemental jurisdiction over the causes of action under state law is proper, as they are substantially related to those causes of action over which the court has original jurisdiction, pursuant to 28 U.S.C. § 1367.

11. Personal jurisdiction over defendants CK and CI is vested in this court because, upon information and belief, both CK and CI does business in Connecticut and its acts within or directed toward Connecticut have caused injury to plaintiff CAI as alleged herein. CK actively promotes its products in Connecticut through CK's website. CI, based on information and belief, is the owns, operates, and directs CK.

12. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred within the jurisdiction of the District Court of Connecticut.

## THE DISCO DUST® MARK

13. Plaintiff CAI has for over 16 years been engaged in and continues to be engaged in the development, production, and sale of decorative glitter, candy decorations for cakes, edible cake decorations, and candy sprinkles under the brand name DISCO DUST. CAI has built a large and profitable business in connection therewith.

14. CAI is the owner of a U.S. Trademark Registration on the Principal Register, Reg. No. 4,089,733 for the DISCO DUST® mark. The DISCO DUST® C registration is a valid and subsisting registration. A copy of the Certificate of Registration for the DISCO DUST® mark is attached as Exhibit A.

15.     CAI uses the DISCO DUST® mark as a designation of source and quality for its goods.

16. CAI uses the registration symbol ® on its website in connection with the advertising

of products sold under the DISCO DUST® brand.

17. By virtue of CAI's extensive use in commerce of the DISCO DUST® brand in connection with its goods, such goods have become well and favorably known to the relevant trade and public under such marks.

## CK'S WRONGFUL CONDUCT

18. Upon information and belief, defendant CK is advertising and selling decorative glitter, candy decorations for cakes, edible cake decorations, and candy sprinkles under the name DISCO GLITTER (the "Infringing Product"), which is confusingly similar to DISCO DUST®.

19. Upon information and belief, the only reason CK uses the name DISCO GLITTER is to further associate the Infringing Product with CAI's DISCO DUST® brand products.

20. The similarity between the name DISCO GLITTER and DISCO DUST®, and the manner in which CK has chosen to package and advertise the Infringing Product is likely to cause confusion, mistake, and/or deceive purchasers, potential purchasers, and the relevant public and trade at the time of purchase, as well as post purchase as to the source or sponsorship or approval of the Infringing Product, and/or as to its affiliation with CAI, thereby causing harm to CAI's reputation and good will.

21. CK has designed and marketed the Infringing Product in a manner that causes purchasers, potential purchasers, and the relevant public to associate the Infringing Product with the DISCO DUST® brand products sold by CAI, thereby causing and continuing to cause dilution of the DISCO DUST® brand.

22. Upon information and belief, the Infringing Product and the DISCO DUST® products will be advertised and sold to an overlapping class of purchasers.

23. Upon information and belief, the sale of the Infringing Product by CK has diminished the value of the DISCO DUST® in the marketplace.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

24. The factual allegations in the foregoing paragraphs are incorporated herein by reference.

25. CK's infringement of the DISCO DUST® mark in the manner set forth above is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Infringing Product is associated or connected with the DISCO DUST® brand and CAI or has the sponsorship or approval of CAI.

26. CK has willfully sought to trade on CAI's reputation and the reputation of the DISCO DUST® products.

27. CAI has placed CK on notice of its infringement and unlawful conduct at least as early as September 2016.  CK simply changed the name of its product from DISCO DUST to DISCO GLITTER, but has failed to terminate its wrongful conduct.

28. The foregoing acts of CK constitute willful and deliberate infringement of CAI federal registered trademark  in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(a).

29.     CAI has a substantial likelihood of success stemming from a demonstrably clear legal right and CK's acts have caused and will continue to cause irreparable injury to CAI for which CAI has no adequate remedy at law.

30. Pursuant to 15 U.S.C. § 1116(a) CAI is entitled to preliminary and permanent injunctive relief to prevent CK's continued use of the DISCO GLITTER mark in commerce.

31. Pursuant to 15 U.S.C. § 1117(a), CAI is entitled to damages, an accounting of profits

made by CK's use, and recovery of CAI's costs of this action.

32. The intentional use of the confusingly similar DISCO GLITTER mark makes this an exceptional case entitling CAI to an award of three times its actual damages and recovery of its reasonable attorneys' fees.

33. CAI is also entitled to prejudgment interest on its recovery.

## COUNT II: FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

34. The factual allegations in the foregoing paragraphs are incorporated herein by reference.

35. By reason of CAI's continuous and exclusive use of the DISCO DUST® brand for years, the DISCO DUST® brand has acquired secondary meaning, and indicates to the consuming public that there is a single and well-known source of the DISCO DUST® brand products.

36. CK's infringement of the DISCO DUST® mark in the manner set forth above is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Infringing Product is associated or connected with the DISCO DUST® brand and CAI or have the sponsorship or approval of CAI.

37. CK has willfully sought to trade on the reputation of the DISCO DUST® products and CAI and cause dilution of the DISCO DUST® brand.

38. CAI has placed CK on notice of its infringement and unlawful conduct at least as early as September 2016, but CK has failed to terminate its wrongful conduct.

39. The foregoing acts of CK constitute unfair competition in violation of Section 43(a)

of the Lanham Act, 15 U.S.C. § 1125(a).

40. Plaintiff has a substantial likelihood of success stemming from a demonstrably clear right, and CK's acts have caused and will continue to cause irreparable injury to CAI for which CAI has no adequate remedy at law.

## COUNT III: COMMON LAW TRADEMARK INFRINGEMENT

41. The factual allegations in the foregoing paragraphs are incorporated herein by reference.

42. CK's acts constitute trademark infringement under the common laws of the State of Connecticut.

43. CK's acts of trademark infringement entitle CAI to recover its damages and costs of this action, together with an accounting of profits made by CK on its sales of Infringing Products in connection with which CK uses the DISCO DUST and DISCO GLITTER marks.

44. The acts of CK have been malicious and calculated to injure CAI. The willful, wanton and malicious nature of CK's conduct entitles CAI to an award of its reasonable attorneys' fees and punitive damages.

45. CK's infringement of the DISCO DUST® mark is causing irreparable injury to CAI's goodwill, and unless enjoined by this Court, will continue to do so.

46. Further, CAI may not have an adequate legal remedy in the event money damages cannot properly be calculated.

47. Under the common laws of the State of Connecticut, CAI is entitled to preliminary and permanent injunctive relieve to prevent CK's continuing trademark infringement.

## COUNT V: COMMON LAW DILUTION OF A DISTINCTIVE MARK

48. The factual allegations in the foregoing paragraphs are incorporated herein by reference.

49. The foregoing acts of CK caused dilution of the distinctive quality of the DISCO DUST® brand and are intended to undermine the uniqueness and distinctiveness of the DISCO DUST® brand, constituting trademark dilution under the laws of the state of Connecticut.

50. CK's acts of trademark dilution entitle CAI to recover its damages and costs of this action, together with an accounting of profits made by CK on its sales of Infringing Products in connection with which CK uses the DISCO GLITTER mark to associate the Infringing Product with the DISCO DUST® brand.

51. The acts of CK have been malicious and calculated to injure CAI.

52. The willful, wanton and malicious nature of CK's conduct entitles CAI to an award of its reasonable attorneys' fees and punitive damages.

53. CK's dilution of the DISCO DUST® brand is causing irreparable injury to CAI's goodwill, and unless enjoined by this Court, will continue to do so.

54. Further, CAI may not have an adequate legal remedy in the event money damages cannot properly be calculated.

55. Under the common laws of the State of Connecticut, CAI is entitled to preliminary and permanent injunctive relieve to prevent CK's continuing trademark dilution.

## COUNT VI: COMMON LAW UNFAIR COMPETITION AND MISAPPROPRIATION

56. The factual allegations in the foregoing paragraphs are incorporated herein by

reference.

57. The foregoing acts of CK infringed upon the DISCO DUST® brand, caused dilution of the distinctive quality of the DISCO DUST® brand, and are intended to undermine the uniqueness and distinctiveness of the DISCO DUST®, constituting unfair competition and misappropriation of CAI's goodwill under the laws of the state of Connecticut and other states.

58. CK's acts of unfair competition and misappropriation entitle CAI to recover its damages and costs of this action, together with an accounting of profits made by CK's on its sales of Infringing Products in connection with which CK's uses the DISCO GLITTER brand.

59. The acts of CK's have been malicious and calculated to injure CAI.

60. The willful, wanton and malicious nature of CK's conduct entitles CAI to an award of its reasonable attorneys' fees and punitive damages.

61. CK's infringement of the DISCO DUST® brand is causing irreparable injury to CAI's goodwill, and unless enjoined by this Court, will continue to do so.

62. Further, CAI may not have an adequate legal remedy in the event money damages cannot properly be calculated.

63. Under the common laws of the State of Connecticut, CAI is entitled to preliminary and permanent injunctive relieve to prevent CK's continuing unfair competition.

## COUNT VII: UNFAIR COMPETITION AND TRADE PRACTICES UNDER THE CONNECTICUT UNFAIR TRADE PRACTICES ACT

64. The factual allegations in the foregoing paragraphs are incorporated herein by reference.

65. By engaging in the acts alleged above, Defendant has engaged in conduct: (a) that is

offensive to public policy, governing statutes, common law principles, and/or established concepts of fairness, and/or (b) that has caused substantial injury to consumers. Defendant committed such acts, and continues to commit such acts, in the conduct of trade or commerce.

66. CK's conduct amounts to a violation of the Connecticut Unfair Trade Practices Act, Conn, Gen. Stat. § 42-110a, et seq, and has resulted in damage and ascertainable loss to CAI, as well as irreparable harm.

67. Upon information and belief, the complained of activities were undertaken by CK in disregard of CAI's rights and of the law.

68. Plaintiff has a substantial likelihood of success stemming from a demonstrably clear right, and CK's acts have caused and will continue to cause irreparable injury to CAI for which CAI has no adequate remedy at law.

## PRAYER

WHEREFORE, Plaintiffs pray that:

A. CK and CI be held liable under each claim for relief as set forth in this Complaint.

B. Preliminarily and permanently enjoining CK, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them from using the DISCO DUST® brand, DISCO GLITTER, or any device confusingly similar thereto or dilutive thereof, and from using, affixing, offering for sale, advertising, promoting cookies in the configuration currently used for the Infringing Product or any configuration substantially similar thereto;

C. Preliminarily and permanently enjoining CK, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them from using any false descriptions or representations, or any false designation of origin, or from otherwise committing any acts of unfair competition in connection with the DISCO DUST® brand.

D. Preliminarily and permanently enjoining CK, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them from diluting the DISCO DUST® brand.

E. Awarding CAI damages, including, inter alia, disgorged profits or a reasonable royalty, and punitive damages, in an amount to be proven at trial, together with prejudgment interest and trebled pursuant to 15 U.S. C. § 1117(b);

F. CK be required to pay to CAI its reasonable attorneys' fees and disbursements incurred herein, pursuant to 15 U.S.C. § 1117 and the equity powers of this Court.

G. CK be required to pay to CAI the costs of this action.

H. Awarding CAI any such other and further relief as the Court deems just and proper given the facts and the circumstances herein.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, CAI hereby demands trial by jury in this action of all issues triable by jury.

This 9nd day of December 2016.

Respectfully submitted,

Michael A. Blake
Fed. Bar no. CT27105
Law Offices of Michael A. Blake, LLC
95 High Street, Suite 5
Milford, CT 06460
(203)876-5081
(203)876-7195 fax
mblake@blake-ip.com

## INDEX OF EXHIBITS

A.    DISCO DUST Trademark Registration

**EXHIBIT A**

# United States of America
## United States Patent and Trademark Office

# Disco Dust

**Reg. No. 4,089,733**  
**Registered Jan. 24, 2012**  
**Int. Cls.: 20 and 30**

**TRADEMARK**

**PRINCIPAL REGISTER**

CONFECTIONARY ARTS INTERNATIONAL LLC (CONNECTICUT LIMITED LIABILITY COMPANY)
332 WASHINGTON AVE.
NEW BRITAIN, CT 06051

FOR: DECORATIVE GLITTER, IN CLASS 20 (U.S. CLS. 2, 13, 22, 25, 32 AND 50).

FIRST USE 1-1-1999; IN COMMERCE 5-1-1999.

FOR: CANDY DECORATIONS FOR CAKES; EDIBLE CAKE DECORATIONS; CANDY SPRINKLES, IN CLASS 30 (U.S. CL. 46).

FIRST USE 1-1-1999; IN COMMERCE 5-1-1999.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SEC. 2(F).

SER. NO. 85-143,509, FILED 10-1-2010.

ROBERT C. CLARK JR., EXAMINING ATTORNEY



David J. Kappos
Director of the United States Patent and Trademark Office