UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Confectionery Arts International, LLC,   ) | |
| ) | |
| Plaintiff   ) | |
| ) | |
| v.   ) | |
| ) | Civil Action No. 3:16-cv-02015 JBA |
| CK Products LLC and Central Investment   ) | |
| LLC,   ) | |
| ) | |
| Defendants   ) | June 9, 2017 |

**RULE 26(f) REPORT OF PARTIES' PLANNING MEETING**

Date Complaint Filed: December 9, 2016

Date Complaint Served: March 7, 2017

Date Amended Complaint Filed: June 2, 2017

Date of Defendants' Appearance: Defendants assert that they have not appeared in the case and that the Court lacks personal jurisdiction over them.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on June 6, 2017.  The participants were:

Attorneys for Plaintiff Confectionery Arts International, LLC ("CAI"):  Nike V. Agman and Daniel R. Cooper
Attorneys for Defendant CK Products LLC ("CK"):  Philip Bautista and Liane Rousseau.

Attorneys for Defendant Central Investment LLC ("CI"):  Philip Bautista and Liane Rousseau.

**I.   CERTIFICATION**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have

forwarded a copy of this report to their clients.

**II.     JURISDICTION**

   **A.  Subject Matter Jurisdiction**

The Court has jurisdiction over this matter under 28 U.S.C. § 1331, federal question under the Lanham Act, 15 U.S.C. § 1501 et seq., and 28 U.S.C. § 1367, supplemental jurisdiction for the remaining state and common law counts.

   **B.  Personal Jurisdiction**

Personal jurisdiction is contested as set forth in Defendants' Motion to Dismiss. Below are the parties' positions:

Plaintiff:

Plaintiff alleges that the Court properly has personal jurisdiction over Defendants under Conn. Gen. Stat. § 52-59b(a)(1) because both Defendant CK Products and Defendant Central Investment, as owner/operator of CK Products, have transacted business in Connecticut including transacting business directly with Plaintiff, availing themselves of retailers for the sale of their products and using Plaintiff's registered mark without its consent within Connecticut.

Plaintiff additionally alleges that the Court properly has personal jurisdiction over Defendants under Conn. Gen. Stat. § 52-59b(a)(3) because Defendants' acts constitute intentional torts which have caused injury in Connecticut to Plaintiff, a Connecticut corporate citizen, and whose effects are felt in Connecticut. Defendants, as long-time customers of Plaintiff, should have reasonably expected that their acts would have consequences in Connecticut, and Defendants derive substantial revenue from interstate or international commerce, as is implied on their respective websites.

Defendants:

Defendants assert that the Court lacks personal jurisdiction over them. Moreover, Defendants' compliance with the Court's order to conduct a Rule 26(f) Planning Meeting should not be construed as a waiver of its defenses based upon lack of personal jurisdiction or venue nor an appearance in the case.

### III.   BRIEF DESCRIPTION OF CASE

**A.  Claims of Plaintiff:**

Plaintiff has brought suit against Defendants relating to Defendants' unauthorized use in commerce of Plaintiff's federal trademark DISCO DUST® and Defendants' use in commerce of DISCO GLITTER, which Plaintiff alleges is confusingly similar to Plaintiff's registered mark. The following are Plaintiff's Claims:

- Defendants have knowingly, intentionally, willfully and deliberately infringed Plaintiff's federally registered trademark by using in commerce the mark DISCO DUST in connection with the sale, distribution and advertising of commercially related goods in a manner likely to cause confusion with Plaintiff's registered mark, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(a).

- Defendants have knowingly, intentionally, willfully and deliberately infringed Plaintiff's federally registered trademark by using in commerce the confusingly similar mark DISCO GLITTER in connection with the sale, distribution and advertising of commercially related goods in a manner likely to cause confusion with Plaintiff's registered mark, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(a).

- Defendants' unauthorized use of Plaintiff's federal trademark DISCO DUST® constitutes a knowing, intentional, willful and deliberate misrepresentation of fact and false

designation of the origin of goods likely to cause consumer confusion as to the source of DISCO DUST® products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

- Defendants' deliberate, willful and intentional unauthorized use in commerce of Plaintiff's federally registered DISCO DUST® and sales and promotion of products under its DISCO GLITTER mark have engendered false and misleading descriptions and representations of fact likely to cause confusion as to the affiliation, connection or association of Defendant's goods with Plaintiff's goods and misrepresents the nature of Plaintiff's goods, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

- Defendants' deliberate, willful and intentional unauthorized use in commerce of Plaintiff's DISCO DUST® mark and use of its DISCO GLITTER mark constitute unfair competition and misappropriation in violation of Connecticut common law as well as the common law of other jurisdictions.

- Defendants' deliberate, willful and intentional unauthorized use of Plaintiff's DISCO DUST® mark and use of its DISCO GLITTER mark constitute commercial conduct that is offensive to public policy and traditional concepts of fairness, is unethical or unscrupulous, and has caused injury to both consumers and Plaintiff, in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a.

### B. Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendants:

As an initial matter, the case should be dismissed because the Court lacks personal jurisdiction over Defendants and, moreover, is not a proper venue for Plaintiff's claims. Even if the Court rules that it has personal jurisdiction over Defendants and/or is a proper venue, a more convenient venue nonetheless lies in either the United States District Court for the Northern

District of Indiana or the United States District Court for the Southern District of Ohio.

Among other defenses, which Defendants will more fully assert in its answer if the Court does not dismiss Plaintiff's claims, Defendants have numerous meritorious defenses, including:

- Invalidity of Plaintiff's Registration No. 4089733 based upon fraud upon the United States Patent and Trademark Office (the "Registration")
- Genericness/descriptiveness of the DISCO DUST mark
- Abandonment of the DISCO DUST mark
- Non-ownership of the Disco Dust Mark
- Non-likelihood of confusion of the parties' respective marks
- Laches

## IV.   STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

- Confectionery Arts International, LLC is the current owner of U.S.P.T.O. Reg. No. 4,089,733, registered on Jan. 24, 2012.

## V.   CASE MANAGEMENT PLAN

### A.   Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth below.

### B.   Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). If necessary, the parties prefer a telephonic conference.

**C. Early Settlement Conference**

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference

3. The parties prefer a settlement conference with a magistrate judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D. Joinder of Parties and Amendment of Pleadings**

1. Plaintiff should be allowed until October 9, 2017 to file motions to join additional parties and to file motions to amend the pleadings.

2. Defendants should be allowed until October 9, 2017 to file motions to join additional parties and until October 30, 2017 to file a response to amended complaints.

**E. Discovery**

a. The parties anticipate that discovery will be needed on the following subjects:

Plaintiff's anticipated subjects of discovery:

- Defendants' use of the DISCO DUST mark

- Defendants' sales of DISCO DUST products

- Defendants' advertising and commercial promotion in connection with its use of the DISCO DUST mark

- Defendants' use of the DISCO GLITTER mark

- Defendants' sales of DISCO GLITTER products

6

- Defendants' advertising and promotion in connection with the DISCO GLITTER mark

- Defendants' communications with other vendors and businesses in the industry in connection with the DISCO DUST and DISCO GLITTER marks

- The relationship between Defendant CK Products LLC and Defendant Central Investment LLC

- Communications between Defendant CK Products LLC and Defendant Central Investment LLC with respect to their use of the DISCO DUST and DISCO GLITTER marks

- Actual confusion of third party consumers as to the origin of DISCO DUST products

- Profits and revenue from the sale of DISCO DUST and DISCO GLITTER products

Defendants' anticipated subjects of discovery:

- Plaintiff's sales of DISCO DUST products

- Plaintiff's use and abandoned use of the DISCO DUST mark

- Defendants' sales of DISCO GLITTER products

- Defendants' use of its DISCO GLITTER trademark

- Use of the DISCO DUST mark as a generic or descriptive mark in the marketplace

- Third parties claiming ownership to the DISCO DUST mark

- Validity of the Registration

- Plaintiff's alleged damages

- The *DuPont* likelihood of confusion factors

- Plaintiff's communications with other vendors of DISCO DUST or similar products

The parties acknowledge and agree that the above is a non-exhaustive list of anticipated discovery subject matter.

b. Fact discovery will be commenced within two (2) weeks of the Court's decision on Defendants' motion to dismiss and completed (not propounded) by February 28, 2018.

c. Discovery will be conducted in phases in that expert discovery will begin upon completion of fact discovery.

d. The parties anticipate that the plaintiff and defendants will require a total of fifteen (15) depositions of fact witnesses, each. The depositions will be completed by February 28, 2018.

e. The parties will not request permission to serve more than 25 interrogatories.

f. Plaintiff reserves the right to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by March 31, 2018. Depositions of any such experts will be completed by May 15, 2018.

g. Defendants reserve the right to call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by July 1, 2018. Depositions of any such experts will be completed by August 15, 2018.

h. A damages analysis will be provided by any party who has a claim or counterclaim for damages by no later than March 31, 2018.

i. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such

information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

      Counsel for all parties will instruct their clients to preserve electronically stored information on existing servers in their respective possession, custody and control related to the discovery issues listed above in Paragraph V.E.  Counsel for the parties will confer in response to specific discovery requests regarding the form in which electronically stored information will be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, and the allocation of costs of assembling and producing such information.  Unless the parties agree otherwise, and unless warranted by the special request of one party upon the others, each of the parties shall cover its own discovery expenses.

      Pursuant to D. Conn. L. Civ. R. 26(e), the parties stipulate to dispense with the privilege log requirement but reserve the right to request a privilege log, as necessary.

      Unless the parties agree otherwise, Plaintiff requests that paper documents be scanned as 300 dpi single-page Group IV .TIF image files, named the same as the sequential Bates production number endorsed on each image.  The imaged files shall be OCRed and text files shall be provided and named the same as the Bates number of the first page of the document.

      Paper documents shall be preserved and produced in the manner in which they are maintained.  Start and end points, as well as family relationships to the extent they exist and are known, shall be reflected in proper coding fields, to the extent these can be extracted without additional expense.

Plaintiff further requests that electronic files shall be converted to single-page Group IV .TIF image files, named the same as the Bates production number endorsed on each image. Excel spreadsheets, audio and video files shall be produced in native format with a single .TIF placeholder page indicating that the file is being produced in native format and shall be named the same as the Bates number endorsed on the placeholder page.

Plaintiff requests that e-mail shall be produced together with all attachments and that family relationships shall be reflected in proper coding fields. Lesser inclusive portions of e-mail threads or conversations may be excluded from production. A lesser inclusive portion is any responsive e-mail file the contents of which are entirely included in a produced e-mail file.

Unless the parties agree otherwise, Defendants request that paper documents shall be scanned as 300 dpi single-page Group IV .TIF image files, named the same as the sequential Bates production number endorsed on each image. Images shall be contained in a folder called "IMAGES".

The imaged files shall be OCRed and multi-page text files shall be provided and named the same as the Bates number of the first page of the document, with the extension .txt. The OCR text files shall be contained in a folder called "TEXT".

To preserve the manner in which they are maintained, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records. Start and end points, as well as family relationships for organized compilations of separate documents (e.g., a binder containing several separate documents behind numbered tabs), shall be reflected in proper coding of the BegBates, EndBates, BegAttach, EndAttach, ParentId and AttchIds fields.

Unless the parties agree otherwise, electronic files (Word, e-mail, etc.) shall be converted to single-page Group IV .TIF image files, named the same as the Bates production number

endorsed on each image.  Excel spreadsheets, audio and video files shall be produced in their native format with a single .TIF placeholder page indicating that the file is being produced in native format and shall be named the same as the Bates number endorsed on the placeholder page.  Images shall be contained in a folder called "IMAGES".  Native files shall be contained in a folder called "NATIVES".

The text contained within the native files shall be extracted and saved in multi-page text files named the same as the Bates number of the first page of the document, with the extension .txt.

All text files shall be contained in a folder called "TEXT".

E-mail shall be produced together with all attachments and family relationships shall be reflected in proper coding of the BegBates, EndBates, BegAttach, EndAttach, ParentId and AttchIds fields described below.    Lesser inclusive portions of e-mail threads or conversations may also be excluded from production.  A lesser inclusive portion is any responsive e-mail file the contents of which are entirely included in a produced e-mail file.

j. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties agree to the following procedures for asserting claims of privilege after production:

The parties shall agree upon and adhere to a two-tiered protective order fully detailing the procedure for asserting claims of privilege after production, under which the parties shall retain the opportunity to challenge privilege designation by filing with the court.

**F. Dispositive Motions**

Dispositive motions will be filed on or before March 31, 2018

### G. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 30 days after a decision by the Court on all dispositive motions.

## VI. TRIAL READINESS

The case will be ready for trial by November 1, 2018.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| PLAINTIFF CONFECTIONERY ARTS INTERNATIONAL, LLC | DEFENDANTS CK PRODUCTS LLC AND CENTRAL INVESTMENT LLC |
|---|---|
| BY: /s/Nike V. Agman | BY: /s/ Philip R. Bautista |
| Nike V. Agman, Bar No. ct28172<br>Law Office of Nike V. Agman<br>360 Bloomfield Avenue, Suite 301<br>Windsor, CT 06095<br>Tel: (860) 607-3237<br>Fax: (860) 607-3201<br>nike.agman@comcast.net | Mitchell Harris (ct09216)<br>Day Pitney LLP<br>242 Trumbull Street<br>Hartford, CT 06103-1212<br>Tel:  (860) 275-0346 Fax:  (860) 275-0343<br>mharris@daypitney.com |
| Daniel R. Cooper (ct30240)<br>Cooper & Kurz<br>170 Eden Road<br>Stamford, CT 06907<br>Tel: (203) 3224852<br>Fax: (203) 329-7881<br>kurzcooper@att.net | Philip R. Bautista<br>(Ohio Bar No. 0073272)<br>Liane H. Rousseau<br>(Ohio Bar No. 0093435)<br>200 Public Square, Ste. 3500<br>Cleveland, Ohio 44114<br>Tel:  (216) 241-2838<br>Fax:  (216) 241-3707<br>pbautista@taftlaw.com<br>lrousseau@taftlaw.com |